TIMBER TRAILS CORPORATION ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF SHERMAN (13969)

PETERS, C. J., SHEA, GLASS, COVELLO and BORDEN, Js.

Argued February 19—decision released June 3, 1992

*George C. Hastings,* with whom was *Linda L. Morkan,* for the appellants (plaintiffs).

*Creighton M. English,* for the appellee (defendant).

SHEA, J. The dispositive issue in this appeal is whether a planning and zoning commission's failure to comply with General Statutes (Rev. to 1977) § 8-3 (a), as amended by Public Acts 1977, No. 77-509, § 2,[1] which required, inter alia, that a copy of proposed regulations be filed in the town clerk's office for public inspection prior to the public hearing on the proposed regulations, deprived the commission of its jurisdiction to adopt such proposed regulations, thereby rendering its vote to adopt them void. We answer this question in the affirmative and therefore reverse the judgment of the trial court upholding the validity of an amendment to the zoning regulations of the town of Sherman adopted under such circumstances.[2]

---

[1] General Statutes (Rev. to 1977) § 8-3 (a), as amended by Public Acts 1977, No. 77-509, § 2, provided: "Such zoning commission shall provide for the manner in which regulations under section 8-2 and the boundaries of zoning districts shall be respectively established or changed. No such regulation or boundary shall become effective or be established or changed until after a public hearing in relation thereto, held by a majority of the members of the zoning commission or a committee thereof appointed for that purpose consisting of at least five members, at which parties in interest and citizens shall have an opportunity to be heard. Notice of the time and place of such hearing shall be published in the form of a legal advertisement appearing in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days nor less than ten days, and the last not less than two days, before such hearing, and *a copy of such proposed regulation or boundary shall be filed in the office of the town, city or borough clerk, as the case may be, in such municipality,* but, in the case of a district, in the offices of both the district clerk and the town clerk of the town in which such district is located, *for public inspection at least ten days before such hearing,* and may be published in full in such paper. The commission may require a filing fee to be deposited with the commission to defray the cost of publication of the notice required for a hearing." (Emphasis added.)

[2] The plaintiffs have also claimed: (1) the amendment increasing the minimum lot size is invalid because it was not predicated upon a change of cir-

The plaintiffs, Timber Trails Corporation, Tessa Pascarella and Timber Trails Associates, brought this administrative appeal in the Superior Court to challenge the action of the defendant, the planning and zoning commission of the town of Sherman, in amending its regulations to increase the minimum lot size requirement in zone B from 40,000 square feet to 80,000 square feet and to make all zone A requirements applicable to zone B.[3] The trial court upheld the validity of the regulatory amendment and dismissed the plaintiffs' appeal. The Appellate Court granted the plaintiffs' petition for certification to appeal from the trial court's decision,[4] and we then transferred the case to this court in accordance with Practice Book § 4023 and General Statutes § 51-199 (c).

The relevant facts are as follows. On September 14 and 21, 1978, the defendant published the following notice in The New Milford Times: "Notice of Public Hearing. The Planning and Zoning Commission of the Town of Sherman, Conn. will hold a public hearing on Friday, September 29, 1978, at 8:00 p.m. in the gym of the Sherman School on the proposal that the B Zone be changed from 40,000 square feet to 80,000 square feet according to the recommendation of the Master

cumstances; (2) the amendment is invalid because the commission was operating under a mistake of law when it was enacted; (3) the trial court improperly attempted to cure the commission's error in prohibiting plaintiffs' counsel from cross-examining witnesses at the hearing by suggesting that counsel cross-examine the witnesses before the trial court; and (4) the state trial referee presiding over the administrative appeal improperly failed to recuse himself from the case despite his inappropriate involvement in the settlement process. Because we agree with the plaintiffs that the amendment purporting to increase the minimum lot size requirement was nullified by the defendant's failure to file a copy of the proposed amendment in the town clerk's office, we need not address these alternate claims.

[3] As owners of land in zone B, the plaintiffs are aggrieved parties. See General Statutes § 8-8 (b); *Fletcher* v. *Planning & Zoning Commission*, 158 Conn. 497, 502–503, 264 A.2d 566 (1969).

[4] See General Statutes § 8-8 (o) and Practice Book §§ 2030 through 2034.

Plan of Development, and that all properties in the B Zone shall be required to meet all requirements of the A Zone. Such proposal is to be considered for adoption by the Planning and Zoning Commission of the Town of Sherman, Conn. At this hearing interested persons may be heard and written communications received. A copy of the proposal is on file in the office of the Town Clerk, Mallory Town Hall in Sherman, Conn. Dated in Sherman, Conn., this 14th day of September, 1978. Planning & Zoning Commission, J. Anthony Crawford, Chairman, Frances Murray, Clerk." The defendant filed a copy of that newspaper notice in the town clerk's office, but failed to file a copy of the proposed regulations with the town clerk. The public hearing was held on September 29, 1978. Thereafter, on October 2, 1978, the defendant enacted the proposed regulation, which increased the minimum lot size requirement in zone B from 40,000 square feet to 80,000 square feet and made land in zone B subject to the same requirements as land in Zone A. The amended regulation became effective on October 6, 1978.

Section 8-3 (a) provides that "[n]otice of the time and place of [a hearing for establishing or changing zoning regulations] shall be published in the form of a legal advertisement appearing in a newspaper having a substantial circulation in [the] municipality" and that "a copy of such proposed regulation . . . shall be filed in the office of the town . . . for public inspection at least ten days before such hearing, and may be published in full in such paper." The defendant does not challenge the trial court's finding that the defendant failed to file a copy of the proposed regulation with the town clerk. The plaintiffs maintain that the defendant's failure to comply with § 8-3 (a) constituted a jurisdictional defect, which rendered the purported regulatory amendment a nullity. The defendant argues that the newspaper publication and the filing of a copy of that

publication with the town clerk provided adequate notice of the proposed change so that the failure to file the actual text of the proposal was merely a technical defect. We agree with the plaintiffs that strict compliance with § 8-3 (a) was a prerequisite to the defendant's exercise of its power to amend the town zoning regulations.

In *State ex rel. Capurso* v. *Flis*, 144 Conn. 473, 133 A.2d 901 (1957), this court addressed the same issue presented in the instant case. We held that the town planning and zoning commission's failure to file a copy of the proposed change in zone boundaries, in accordance with the statutory predecessor of § 8-3 (a), rendered invalid the commission's attempt to change those boundaries. "Compliance with the statutory procedure was a prerequisite to any valid and effective change in zonal boundaries." Id., 481. In *Scovil* v. *Planning & Zoning Commission*, 155 Conn. 12, 14–15, 230 A.2d 31 (1967), we again characterized the failure to file a copy of a proposed zoning amendment with the town clerk as "jurisdictional."[5] Because this case falls squarely within the rule announced in *Capurso,* we hold invalid the amendment increasing the minimum lot size in zone B from 40,000 square feet to 80,000 square feet and subjecting land in zone B to the same requirements as land in zone A.

The defendant argues, nevertheless, that its failure to file a copy of the text of the proposed amendment with the town clerk was of no consequence because the plaintiffs' very thorough presentation at the public hearing demonstrated that they had been adequately notified of the nature of the proposed change. That

---

[5] More recently, the Appellate Court followed our holding in *State ex rel. Capurso* v. *Flis,* 144 Conn. 473, 133 A.2d 901 (1957), to invalidate a purported zoning change because a copy of the proposed change had not been filed in the town clerk's office. *Bombero* v. *Planning & Zoning Commission,* 17 Conn. App. 150, 153–55, 550 A.2d 1098 (1988).

these plaintiffs may have been sufficiently apprised of the contemplated change despite the fact that the proposal was not filed is of little import since "[t]he underlying purpose of such requirements is 'not to permit changes, exceptions or relaxations [in zoning matters] except after such full notice as shall enable *all* those interested to know what is projected and to have opportunity to protest, and as shall insure fair presentation and consideration of all aspects of the proposed modification. This is not a technical requirement difficult of performance by the unwary. It is dictated by common sense for protection of an established neighborhood to be subject to change only after fair notice.' " (Emphasis added.) *Hutchison* v. *Board of Zoning Appeals,* 138 Conn. 247, 251, 83 A.2d 201 (1951), quoting *Kane* v. *Board of Appeals of Medford,* 273 Mass. 97, 104, 173 N.E. 1 (1930); see also *Passero* v. *Zoning Commission,* 155 Conn. 511, 514, 235 A.2d 660 (1967), cert. denied, 390 U.S. 1004, 88 S. Ct. 1248, 20 L. Ed. 2d 104 (1968). The evident purpose of § 8-3 (a), to notify *all* interested persons of the precise character of the proposed change, would be thwarted if the presence of *some* interested persons at the public hearing could serve as an acceptable substitute for compliance with the statutory requirement of a public filing of the proposal. We therefore reject the defendant's claim in this regard.

The defendant also contends that, because citizens of a town are presumed to know of the town's zoning regulations; *M & L Homes, Inc.* v. *Zoning & Planning Commission,* 187 Conn. 232, 244–45, 445 A.2d 591 (1982); the newspaper publication adequately alerted the public to the nature of the proposed change by indicating that zone B would be subject to all the requirements of zone A. While it is true that townspeople are presumed to be familiar with local regulations, they are not presumed to know of contemplated changes in those regulations. Section 8-3 (a) exists to ensure that inter-

ested persons are apprised of such contemplated changes. Moreover, the statute does not relax the requirement that the proposed regulation itself be filed in the town hall simply because a proposal, such as this, seeks to amend the regulations by applying the existing requirements of one zone, about which the townspeople are presumed to know, to another zone. Accordingly, we decline the defendant's invitation to apply the requirements of § 8-3 (a) selectively, depending upon the nature of the proposed change.

The judgment is reversed and the case is remanded with direction to render judgment sustaining the plaintiffs' appeal.

In this opinion the other justices concurred.