[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Marsha O. Olsen has appealed the granting of a change of zone by the defendant, Torrington Planning and Zoning Commission from R-10 to local business on an application filed by the defendant, Konover Development Corporation. It is stipulated that the plaintiff owns land with 100 feet of the proposed change and is therefore statutorily aggrieved. Conn. Gen. Statutes §8-8a.
The plaintiff claims the following: that the decision of the defendant Commission was arbitrary, illegal and in abuse of its discretion in that the decision constitutes illegal spot zoning; the decision was not in accordance with the evidence presented to CT Page 1546 the commission; the zone change as proposed is not appropriate for the use of the land; the commission failed to adequately to take into consideration the public welfare; the decision does not conform to the plan of development or comprehensive plan; the decision violates the City of Torrington Zoning Regulations; and an appropriate survey was not submitted to the Commission in accordance with the City of Torrington Zoning Regulations and Sec. 8-3 of the General Statutes.
The plaintiff has only briefed the failure to submit a proper survey with the proposed application. Accordingly all other claims are considered abandoned. Liscio v. Liscio, 204 Conn. 502,507; State v. Gallagher, 38 Conn. Sup. 364, 369.
Konover Development Corporation made its application for a zone change and filed it on July 7, 1997 with the Torrington Town Clerk. The City of Torrington published legal notices of the pending application by Konover Development, noting that, as per the application, Konover was requesting a change of zone for three separate lots which were presently zoned residential. The lots were described as Map 144, Block 2, Lot 11; Map 144, Block 2, Lot 9; and Map 144, Block 2, Lot 22. These lots appear on a boundary survey prepared for John Moscarillo dated July 10, 1989. This map was then revised by a different surveyor on December 11, 1996 and June 16, 1997 and filed with the Torrington Town Clerk on July 7, 1997. The Moscarillo boundary survey, however, does not show the lots designated for zone change in the Konover application any readily identifiable way. The published notices for public hearing on the Konover application reference that "copies of the above mentioned applications and plans are on file in the Planning and Zoning Department, 140 Main Street, Torrington." However, the record submitted shows only the 1989 Moscarillo map being filed, which does not indicate the areas required for zone change.
The plaintiff claims that the Torrington Planning and Zoning Commission lacked jurisdiction to change the zone of the subject properties because no map identifying the proposed boundary changes was filed with the Town Clerk as is mandated by General Statutes Section 8-3 (a), and further abused its discretion by approving the zone change.
In the matters involving land use and changes in zoning of real estate, notice to the public is covered by General Statutes § 8-3 (a) which provides: CT Page 1547
 Such zoning commission shall provide for the manner in which regulations under section 8-2
and the boundaries of zoning districts shall be respectively established or changed. No such regulation or boundary shall become effective or be established or changed until after a public hearing in relation thereto, held by a majority of the members of the zoning commission or a committee thereof appointed for that purpose consisting of at least five members, at which parties in interest and citizens shall have an opportunity to be heard. Notice of the time and place of such hearing shall be published in the form of a legal advertisement appearing in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days nor less than ten days, and the last not less than two days, before such hearing, and a copy of such proposed regulation or boundary shall be filed in the office of the town, city or borough
clerk, as the case may be, in such municipality, but, in the case of a district, in the offices of both the district clerk and the town clerk of the town in which such district is located, for public inspection at least ten days before such hearing, and may be published in full in such paper . . . . (Emphasis added)
General Statutes § 8-3 (a).
Compliance with the statutory requirements is mandatory, and non-compliance renders any action by the local authority null and void. State ex rel. Capurso v. Flis, 144 Conn. 473, 481 (1957). Without a map indicating the properties effected, and the designation of the lots subject to a zone change, it is impossible for the general public to have accurate knowledge and to prepare accordingly. Delfino v. Planning and ZoningCommission, 30 Conn. App. 454, 461 (1993) citing Bombero v.Planning and Zoning Commission, 17 Conn. App. 150, 153-55 (1988). CT Page 1548
In this case, it appears that Konover filed a map on July 7, 1997, made in 1989 for John Moscarillo, and updated on December 11, 1996 and June 16, 1997. It also appears that this map was filed simultaneously with the application for zone change dated July 7, 1997. Nowhere on the Moscarillo map does it show the proposed boundary changes.
The notice requirements of General Statutes § 8-3 (a) are mandatory, and are a prerequisite for subject matter jurisdiction by the Planning and Zoning Commission. Timber Trails Corporationv. Planning and Zoning Commission, 222 Conn. 374, 379 (1992). The return of record by the Torrington Planning and Zoning Commission clearly shows that no map showing the lots subject to zone change was on file when the application was heard and approved by the Planning and Zoning Commission. The Planning and Zoning Commission's approval was in error because it lacked subject matter jurisdiction.
Due process requirements were the genesis of General Statutes § 8-3 (a), which section is not directory, but mandatory. The applicant in this case failed to submit a map accurately depicting the areas affected by the zone change. Therefore, the Torrington Planning and Zoning Commission lacked subject matter jurisdiction to hear the application.
For the reasons stated, the appeal is sustained.
HON. WALTER M. PICKETT, JR. State Judge Referee