KATHLEEN B. FOX *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF BARKHAMSTED ET AL.
(AC 24501)
(AC 24502)

MARJORIE HART ET AL. *v.* ZONING BOARD
OF APPEALS OF THE TOWN OF
BARKHAMSTED ET AL.
(AC 24565)

Lavery, C. J., and DiPentima and Mihalakos, Js.

Argued June 2—officially released August 24, 2004

*Steven E. Byrne,* for the appellant-appellee (named defendant in both cases).

*Peter C. Herbst,* for the appellants (defendant Marjorie Hart in the first case, plaintiffs in the second case).

*Julia B. Morris,* with whom, on the brief, were *James T. Flaherty* and *Sandi Beth Girolamo,* for the appellee (Kathleen Fox, named plaintiff in the first case and defendant in the second case).

*Opinion*

LAVERY, C. J. These three zoning appeals arise from a reconfiguration by Marjorie Hart and Peter Hart of

an existing, nonconforming retail lumber business to replace a structure that had been destroyed by fire on property in the town of Barkhamsted (town). As to the appeals designated AC 24501 and AC 24502, we do not reach the substantive issues raised by the parties; instead, we conclude that the trial court improperly found that Kathleen B. Fox, an allegedly abutting property owner, was statutorily aggrieved. Accordingly, we reverse the trial court's judgment and remand the case with direction to dismiss Fox's appeal for a lack of subject matter jurisdiction. With respect to the appeal designated AC 24565, we reverse the judgment of the trial court on the ground that Fox was not statutorily aggrieved and remand the case for a determination of whether the conditions imposed by the town's zoning enforcement officer and the zoning board of appeals (board) on the Harts' retail lumber business were proper.

A brief review of the procedural history of the three appeals before us will facilitate our discussion. Marjorie Hart is the owner of property located at 58 Boettner Road in Barkhamsted. She and her husband, Irving Hart, who is now deceased, operated a retail lumber business (business) on that property prior to the advent of zoning in the town. The business operated mostly at night and on weekends. The primary location for the business was a barn that was approximately twenty feet by twenty-four feet in size. There were also several additional storage buildings. At some point, Peter Hart, the son of Marjorie Hart, obtained ownership of the business.

In January, 2001, fire destroyed the barn. Marjorie Hart filed an application for a permit to construct a fifty foot by eighty foot building for the purpose of storing lumber. After the permit was granted, Guy R. Morin, the town zoning enforcement officer, issued a cease and desist letter on July 3, 2001. The letter indi-

cated that the construction of the new building was a change or extension of a nonconforming use and thereby violated § 193-19[1] of the town's zoning regulations. At the time the permit was issued, Peter Hart had been informed that the use of the building for commercial purposes would constitute an illegal expansion of a nonconforming use.

Morin met with, among others, Peter Hart and his attorney on July 26, 2001, when an agreement was reached with respect to the construction of the new building. Morin issued a letter dated August 2, 2001, that set forth the terms of the agreement and lifted the cease and desist order. The relevant terms of the agreement established the dimensions of the building, authorized the demolition and removal of certain of the other storage buildings, and imposed limitations on the type of permitted equipment[2] and commercial activities on the property.[3]

On August 28, 2001, Fox, the owner of property located at 45 Boettner Road, appealed to the board

---

[1] Section 193-19 of the Barkhamsted zoning regulations provides: "No nonconforming use of land or buildings shall be changed or extended without a zoning permit approval issued by the Commission according to the provisions of Article X."

[2] "Instead of there being four (4) lumber storage structures totaling 5,081 +/- square feet, there will be one (1) structure equaling 4,000 square feet. There will be no commercial milling of trees (into) lumber on the property, other than the occasional re-sizing of in stock lumber using a standard contractor grade table saw or 'cut off' saw. The equipment used for these purposes are: 10" cut off saw, 10" radial arm saw, and planer noted in the photographs taken at the property and on file in the Zoning Office. The motor driven equipment allowed to be used for business purposes are: A log skidder, a bull dozer, a forklift, two (2) 20' flat trailers, a farm tractor and two (2) stake body, dual rear wheel heavy duty pick up trucks. Again, as represented in the photos on file. The use of chainsaws is allowed as several different sizes where observed on the property."

[3] The commercial limitations included restrictions on exterior lighting, electrical services, the number of employees, hours of operation and vegetative screening. Advertising signs were prohibited.

from Morin's order.[4] She alleged, inter alia, that Morin had acted outside the scope of his authority, accepted various untruths and misrepresentations as fact without adequate documentation and failed to notify abutting or nearby neighbors of the decision.

After three public hearings, the board upheld Morin's decision by a vote of four to one. The board imposed several conditions on the business: "There will be no commercial milling of trees into lumber on the property, other than the occasional re-sizing of in-stock lumber using standard contractor-grade table saw, rips saw, and planer noted in photographs taken at the property and on file in the Zoning Office; the motor driven equipment allowed to be used for business purposes are: a log skidder, a bulldozer, a forklift, two 20' flat trailers, a farm tractor and two stake-body, dual rear-wheel heavy duty pick-up trucks; the use of chain saws is allowed; there will be no exterior lighting other than that customarily used on residential property, including no sodium vapor lighting or any other type of bulb customarily used in a commercial business operation; there are and shall be no signs advertising the sale of lumber or firewood; the hours of the retail sales of lumber are by appointment only and *there are no customers after dark*; vegetative screening compatible with the property's existing vegetation will be installed in the vicinity of the new structure to lessen the impact of any commercial appearance; *no interior lighting can be visible from the outside except from windows and doors; a [site] plan is to be filed per specifications of the Zoning Regulations with the Zoning Office . . . use of the barn is limited to 50 [percent] of square footage or its equivalent in volume.*" (Emphasis added.) Notice of the board's decision was published on December 6, 2001.

On December 27, 2001, Fox appealed to the court from the board's decision. She alleged that the board

---

[4] Fox did not name Peter Hart as a defendant in her appeal.

improperly permitted an illegal expansion of a noncon-
forming use, namely, the lumber business, on Marjorie
Hart's property.[5] The Harts filed their appeal on Decem-
ber 17, 2001.[6] The Harts argued that the board improp-
erly placed certain conditions on the use of the new
building.

On April 29, 2003, the court filed two memoranda of
decision, addressing each appeal. With respect to Fox's
appeal, the court disagreed with Marjorie Hart's argu-
ment that the consolidation of the business into one
large structure could legally replace the destroyed barn
and three smaller buildings. It concluded that there was
no statutory or regulatory authority and no case law to
support Marjorie Hart's claim. "The court finds that the
construction of a 4000 square foot building to replace
a 480 square foot building housing a preexisting, non-
conforming use on the property at an entirely different
location is in violation of the [town's] zoning regula-
tions." The court sustained Fox's appeal.

With respect to the Harts' appeal, the court deemed
it unnecessary to rule on the conditions imposed by
the board. It therefore dismissed the Harts' appeal
because it had concluded in Fox's appeal that the board
improperly had approved the construction of the new
building.

The board and Marjorie Hart filed separate appeals
to this court with respect to the trial court's decision
in Fox's appeal from the board. The Harts also appealed
from the court's decision dismissing their appeal from
the board. We first address the two appeals designated
AC 24501 and AC 24502 in part I of our opinion. Subse-

---

[5] There has been no challenge that the new building is not a conforming
structure; the challenge is only as to the proposed use of the new building.

[6] Fox's appeal and the Harts' appeal were consolidated before the trial
court.

quently, in part II, we address the appeal designated AC 24565.

I

APPEALS AC 24501 AND AC 24502

The dispositive issue in these appeals is whether the court properly found that Fox was a statutorily aggrieved party.[7] We conclude that it did not.

Our Supreme Court has stated that "[i]t is well settled that [p]leading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal. . . . It is [therefore] fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved. . . . Standing [however] is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." (Citations omitted; internal quotation marks omitted.) *Bongiorno Supermarket, Inc.* v. *Zoning Board of Appeals*, 266 Conn. 531, 537–38, 833 A.2d 883 (2003).

"We now review the law regarding aggrievement. . . . One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action . . . . Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classi-

---

[7] The essence of the other claims made by both the board and the Harts is that the court improperly determined that the construction of a new building to replace the barn that had housed a nonconforming business was an illegal expansion of a nonconforming use and that the court improperly substituted its judgment for that of the board.

cally aggrieved." (Internal quotation marks omitted.) *Alliance Energy Corp.* v. *Planning & Zoning Board,* 262 Conn. 393, 398, 815 A.2d 105 (2003).

Neither the board nor Marjorie Hart raised the aggrievement issue at trial. "Failure to raise the issue of aggrievement is not a bar to future consideration of that issue because aggrievement implicates the court's subject matter jurisdiction. . . . A possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised." (Citation omitted; internal quotation marks omitted.) *Jolly, Inc.* v. *Zoning Board of Appeals,* 237 Conn. 184, 192, 676 A.2d 831 (1996). Furthermore, "[u]nless the plaintiff alleges and proves aggrievement, her case must be dismissed. . . . Only if the plaintiff has established aggrievement can the court proceed to consider the merits of her claim." (Citation omitted.) *McNally* v. *Zoning Commission,* 225 Conn. 1, 6, 615 A.2d 505 (1993).

"Aggrievement presents a question of fact for the trial court. . . . The scope of review of a trial court's factual decision on appeal is limited to a determination of whether it is clearly erroneous in view of the evidence and pleadings. . . . Conclusions are not erroneous unless they violate law, logic or reason or are inconsistent with the subordinate facts. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *LePage Homes, Inc.* v. *Planning & Zoning Commission,* 74 Conn. App. 340, 344–45, 812 A.2d 156 (2002).

In the present case, the court found only that Fox was aggrieved pursuant to General Statutes § 8-8 (a)

(1).[8] The court specifically stated that "[t]he plaintiff Kathleen Fox owns property which abuts the Hart property. The Fox property is within a radius of 100 feet of any portion of land involved in the decision of the board. . . . The plaintiff Kathleen Fox is an aggrieved party by statutory definition."

We have reviewed thoroughly the record before us and are unable to find any evidence that Fox owns property that abuts or is located within 100 feet of the Hart property. In its memorandum of decision, the court cited as evidence of statutory aggrievement a map that depicts Marjorie Hart's property and one adjoining parcel that is identified as belonging to Lynda Pasqualcci. In her brief, Fox claims that the map shows that her property abuts Marjorie Hart's property and is also located within a radius of 100 feet. Nothing on the map identifies property owned by Fox. In her complaint, Fox alleged that she was the owner of the property "directly across" from Marjorie Hart's property.[9] No property matching that description appears on the map.

Fox also argues that counsel for the Harts stipulated to aggrievement at a hearing held on September 16, 2002. Specifically, she refers to the following statement: "Also . . . counsel have discussed the issue of aggrievement, I believe that we're all prepared to stipulate that . . . the Foxes are aggrieved because they were the parties who appealed . . . [Morin's] decision,

[8] General Statutes § 8-8 (a) (1) provides: " 'Aggrieved person' means a person aggrieved by a decision of a board and includes any officer, department, board or bureau of the municipality charged with enforcement of any order, requirement or decision of the board. In the case of a decision by a zoning commission, planning commission, combined planning and zoning commission or zoning board of appeals, 'aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."

[9] The board and Marjorie Hart, in their respective answers, averred that they lacked sufficient knowledge as to the location of Fox's property and left Fox to her proof.

that Peter Hart as the owner of the nonconforming retail lumber business on site and that Marjorie Hart is aggrieved as the owner of the property."

The parties did not stipulate to facts that would support a finding of statutory aggrievement. The stipulation discussed at the hearing did not purport that Fox owns property abutting Marjorie Hart's property or that she owns property within 100 feet of Marjorie Hart's property. The stipulation was made solely on the basis of Fox's status as a party to the underlying appeal, and no evidence was presented to the trial court on the issue of aggrievement.

It is well established that "[m]ere status as a party or a participant in the proceedings below does not in and of itself constitute aggrievement for the purposes of appellate review." (Internal quotation marks omitted.) *Connecticut Resources Recovery Authority* v. *Planning & Zoning Commission,* 46 Conn. App. 563, 565, 699 A.2d 314, cert. denied, 243 Conn. 936, 702 A.2d 640 (1997); see also *State* v. *Salmon,* 250 Conn. 147, 163 n.15, 735 A.2d 333 (1999); *Windham Taxpayers Assn.* v. *Board of Selectmen,* 234 Conn. 513, 523, 662 A.2d 1281 (1995). Furthermore, the parties cannot consent or agree to aggrievement. See *Jolly, Inc.* v. *Zoning Board of Appeals,* supra, 237 Conn. 192; see also R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 32.3, p. 531 (parties can stipulate to facts to allow finding of aggrievement, but cannot confer subject matter by agreement). Fox's argument that the parties validly stipulated to aggrievement, therefore, is without merit.

Our search of the record has not revealed a scintilla of evidence that would support a finding that Fox was statutorily aggrieved. Accordingly, the court's finding of statutory aggrievement was clearly erroneous. Moreover, the court did not make a specific finding as to

classical aggrievement. As we previously noted, it is the plaintiff's burden to prove aggrievement. "It is well established that a plaintiff is limited to only one opportunity to prove its claim." *Danbury* v. *Dana Investment Corp.*, 257 Conn. 48, 58, 776 A.2d 438 (2001). We believe it would be improper to remand the case for a determination of whether Fox was classically aggrieved. We must conclude that the trial court improperly determined that Fox was aggrieved. Accordingly, we reverse the judgment of the trial court and remand the case with instructions for the trial court to dismiss Fox's appeal.

II

APPEAL AC 24565

We now address the Harts' appeal from the court's decision that it was unnecessary to address their claim that the conditions imposed by the board were improper.

With respect to that issue, the court stated that it was "unnecessary to rule on the appropriateness of the conditions imposed on the vacating of the cease and desist or the 'modernization of equipment' and/or intensification of use as the issue of expansion of a building housing a nonconforming use is dispositive of this appeal."

In part I, we concluded that Fox was not aggrieved and therefore the court lacked subject matter jurisdiction over her appeal. That conclusion also applies to the appeal filed by the Harts. Thus, any determinations regarding Fox, in all of the appeals before us, were improper. All that remains is whether the conditions imposed by Morin and the board, specifically, the site plan requirement, the storage limitation of 50 percent of square footage or volume and the prohibitions against customers after dark, and the requirement that no interior light be visible from the outside from the windows

and doors, were proper. The trial court has not yet addressed that issue. The appropriate course, therefore, is to remand the case to the court to reinstate the appeal and to determine whether the conditions imposed were proper. See *200 Associates, LLC* v. *Planning & Zoning Commission*, 83 Conn. App. 167, 178, 851 A.2d 1175 (2004); see also *Paige* v. *Town Plan & Zoning Commission*, 235 Conn. 448, 464–65, 668 A.2d 340 (1995); *Gagnon* v. *Inland Wetlands & Watercourses Commission*, 213 Conn. 604, 611–12, 569 A.2d 1094 (1990).

On the appeals designated AC 24501 and AC 24502, the judgment is reversed and the case is remanded with direction to render judgment dismissing the appeal by the plaintiff Kathleen B. Fox. On the appeal designated AC 24565, the judgment is reversed and the case is remanded with direction to reinstate the appeal by the plaintiffs Marjorie Hart and Peter Hart and for further proceedings to determine whether the conditions imposed were proper.

In this opinion the other judges concurred.