# JAMES LUCAS ET AL. *v.* ZONING COMMISSION OF THE TOWN OF HARWINTON ET AL.
## (AC 32110)

DiPentima, C. J., and Lavine and Bear, Js.

Argued June 1—officially released August 9, 2011

*R. Bartley Halloran*, with whom, on the brief, was *Kaitlin A. Halloran*, for the appellants (plaintiffs).

*Steven E. Byrne*, for the appellees (defendants).

BEAR, J. The plaintiffs, James Lucas and Leslie B. Lucas, appeal from the judgment of the trial court dismissing their appeal from the decision of the defendant zoning commission of the town of Harwinton on the ground that they failed to plead facts sufficient to allege aggrievement.[1] On appeal to this court, the plaintiffs claim that they pleaded facts sufficient to allege both statutory and classical aggrievement, and, therefore, that the court improperly dismissed their appeal. We agree that the plaintiffs' complaint contained facts sufficient to allege statutory aggrievement pursuant to General Statutes § 8-8 (a) (1).[2] Accordingly, we reverse the judgment of the trial court.

The plaintiffs' complaint contains the following relevant allegations. The plaintiffs own property on 119 Woodchuck Lane in Harwinton. Their property is located in the country residential zone (CR zone). Prior to September 15, 2008, all residential zones in Harwinton were subject to the same limitations and restrictions concerning buildable area. On September 15, 2008, however, the defendant adopted an amendment to § 2.3 of the Harwinton zoning regulations (regulations) that redefined buildable area in the CR zone. "[T]he plaintiffs are the owners of real property in such [CR zone] which is affected by the restrictions set forth in said regulations." No other zones in Harwinton were affected by

---

[1] The plaintiffs also named as defendants Patricia Williamsen, the town clerk of Harwinton; Clarence Caldwell, the chairman of the Harwinton zoning commission; and Christine Neal, the secretary of the Harwinton zoning commission. Additionally, the plaintiffs named as defendants Peter Brazaitis; Ronald P. Sherlock; Herbert H. Etter, Jr.; Nina A. Callahan; Anne Marie Buoncore and John W. DiCarlo, all of whom the plaintiffs alleged are members of the Harwinton zoning commission. For purposes of this appeal, however, we refer to the Harwinton zoning commission as the defendant.

[2] We further conclude that the court properly determined that the plaintiffs failed to plead facts sufficient to allege classical aggrievement.

this amendment. The amendment to § 2.3 of the regulations "constituted an illegal taking of the plaintiffs' property."

Attached to the plaintiffs' complaint as exhibit A was a copy of the amended regulation. The amendment adds the following to § 2.3 of the regulations: "Buildable Area—That amount of land area on a lot (in a [CR] zone) consisting of one contiguous acre of land excluding the following: (1) Land classified as inland wetlands and watercourses as defined in the Harwinton Inland Wetlands and Watercourses Regulations; (2) Land with naturally occurring pre-development slope equal to or greater than 25 [percent] as determined by a [ten] foot vertical change of grade in horizontal distance of [forty] feet or less (based on field topography or USGS topography); (3) Land subject to public utility easements or rights of way with the exception of those public utility services directly servicing the lot."

The record contains the following additional facts and procedural history. The plaintiffs appealed to the court on several grounds from the defendant's decision approving the amendment to § 2.3 of the regulations. The court heard the appeal on July 8, 2009. During the hearing, the plaintiffs first attempted to establish aggrievement. An inland wetland map, which purportedly showed, inter alia, the plaintiffs' property, was shown to the defendant's counsel. The defendant's counsel agreed that the map indicated that the plaintiffs' property contained wetlands and that that was "satisfactory" to establish aggrievement. The court then asked how counsel wanted to proceed. The parties presented their arguments on the merits of the plaintiffs' appeal. On January 8, 2010, however, the court issued a memorandum of decision in which it dismissed the appeal on the ground that the plaintiffs had failed to

plead facts sufficient to establish either classical or statutory aggrievement.[3] This appeal followed.

"It is well established that [p]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal. . . . [I]n order to have standing to bring an administrative appeal, a person must be aggrieved. . . . Two broad yet distinct categories of aggrievement exist, classical and statutory. . . . Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) *Wucik* v. *Planning & Zoning Commission*, 113 Conn. App. 502, 505–506, 967 A.2d 572 (2009).

"Aggrievement presents a question of fact for the trial court. . . . The scope of review of a trial court's factual decision on appeal is limited to a determination of whether it is clearly erroneous in view of the evidence and pleadings. . . . Conclusions are not erroneous unless they violate law, logic or reason or are inconsistent with the subordinate facts. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Moutinho* v. *Planning & Zoning Commission*, 278 Conn. 660, 665–66, 899 A.2d 26 (2006). In considering whether the plaintiffs properly pleaded facts sufficient to establish aggrievement, however, we view the complaint in the light most favorable to the

---

[3] The defendant had raised the issue of the plaintiffs' failure to plead sufficient facts to establish aggrievement in its prehearing brief. The court, however, did not consider the sufficiency of the pleading until after the merits of the case had been argued.

plaintiffs. See generally *St. Germain* v. *LaBrie*, 108 Conn. App. 587, 594, 949 A.2d 518 (2008) (construing complaint in light most favorable to pleader, this court concluded plaintiff met both prongs for showing classical aggrievement); *Chiulli* v. *Zola*, 97 Conn. App. 699, 705, 905 A.2d 1236 (2006) (same). The interpretation of pleadings "is always a question of law for the court . . . ." (Internal quotation marks omitted.) *Boone* v. *William W. Backus Hospital*, 272 Conn. 551, 573 n.12, 864 A.2d 1 (2005).

On appeal, the plaintiffs claim that the court improperly dismissed their appeal because they had pleaded facts sufficient to establish aggrievement. We agree that the plaintiffs pleaded facts sufficient to allege statutory aggrievement.

Section 8-8 provides in relevant part: "(a) As used in this section: (1) 'Aggrieved person' means a person aggrieved by a decision of a board and includes . . . any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." Those persons who come within § 8-8 (a) (1) are statutorily aggrieved and are not required to plead and to prove the elements of classical aggrievement. Here, the plaintiffs argue that they pleaded that they own property located in the zone governed by such regulations and that their property is specifically affected by the decision to amend § 2.3 of the regulations. Therefore, according to the plaintiffs, they alleged facts sufficient to establish that they are statutorily aggrieved by the amendment. We agree that their complaint alleges facts sufficient to establish statutory aggrievement.

We are guided in our decision by several relevant cases. In *Timber Trails Corp.* v. *Planning & Zoning Commission*, 222 Conn. 374, 376, 610 A.2d 617 (1992),

the plaintiffs appealed from a planning and zoning commission decision to increase lot size in zone B from 40,000 square feet to 80,000 square feet and to make all zone A requirements applicable to zone B. Our Supreme Court stated, albeit in dicta, that "[a]s owners of land in zone B [the zone affected by the amendments], the plaintiffs are aggrieved parties. See General Statutes § 8-8 (b) [providing that an aggrieved party may appeal]; *Fletcher* v. *Planning & Zoning Commission*, 158 Conn. 497, 502–503, 264 A.2d 566 (1969)." *Timber Trails Corp.* v. *Planning & Zoning Commission*, supra, 376 n.3. Although our Supreme Court did not offer an analysis of its determination of aggrievement, it concluded, nonetheless, that the plaintiffs, as owners of land in the affected zone, were aggrieved. Id. There has been some discussion about whether the Supreme Court in *Timber Trails Corp.* was referring to statutory aggrievement, classical aggrievement or both. See *Stauton* v. *Planning & Zoning Commission*, 271 Conn. 152, 161–62, 856 A.2d 400 (2004) (unclear in *Timber Trails Corp.* whether statutory aggrievement, classical aggrievement or both were found); *Harris* v. *Zoning Commission*, 259 Conn. 402, 413, 788 A.2d 1239 (2002) ("[a]lthough the question of aggrievement was not directly at issue [in *Timber Trails Corp.*], we noted in dicta that the plaintiffs had established both classical and statutory aggrievement"); *Lewis* v. *Planning & Zoning Commission*, 62 Conn. App. 284, 291 n.8, 771 A.2d 167 (2001) (concluding that Supreme Court in *Timber Trails Corp.* found classical aggrievement, not statutory aggrievement).

In *Cole* v. *Planning & Zoning Commission*, 30 Conn. App. 511, 512, 620 A.2d 1324 (1993), the plaintiffs appealed to the trial court from the planning and zoning commission's decision to amend its regulations, specifically, the regulations affecting the R-3 and R-5 zones. After an evidentiary hearing on aggrievement, the court

determined that the plaintiffs had failed to prove aggrievement and dismissed the appeal for lack of standing. Id., 513. On appeal to this court, we specifically explained that classical aggrievement had not been proved: "The trial court concluded that the plaintiffs had 'failed to demonstrate a specific, personal and legal interest as distinguished from a general interest such as is the concern of members of the community as a whole and to establish a specific and legal interest which has been specially and injuriously affected by the action of the commission.' " Id., 514. We then concluded, citing *Timber Trails Corp.* v. *Planning & Zoning Commission,* supra, 222 Conn. 376 n.3, that statutory aggrievement was proved: "The plaintiffs, however, as owners of land within either the R-3 zone or the R-5 zone, the zones to which the amendment pertains, are aggrieved parties by virtue of . . . § 8-8 (a) (1)." *Cole* v. *Planning & Zoning Commission,* supra, 514; see also *Ghent* v. *Zoning Commission,* 220 Conn. 584, 587, 600 A.2d 1010 (1991) ("[t]he plaintiffs, as owners of property within the areas affected by the [zoning] amendments, appealed to the Superior Court from the action of the zoning commission in adopting the amendments").

In *Lewis* v. *Planning & Zoning Commission,* supra, 62 Conn. App. 285–86, the commission had amended two sections of the Ridgefield (town) subdivision regulations, and, although the plaintiffs owned approximately 6 or 7 percent of the subdividable land in town, the court found that they were not statutorily nor classically aggrieved by the amendments. On appeal, this court concluded that the plaintiffs were both statutorily and classically aggrieved. Id., 298. On the issue of classical aggrievement, we concluded that the plaintiffs had demonstrated an identifiable legal and personal interest because they owned property affected by the amendments and the amendments applied only to a limited

number of acres in town. Id., 293. We also concluded that the plaintiffs had proven that the amendments had an immediate impact on the value of their property by reducing the number of lots on the plaintiffs' property. Id., 295–96.

On the issue of statutory aggrievement, relying on *Cole* v. *Planning & Zoning Commission,* supra, 30 Conn. App. 514–15, we further concluded that the plaintiffs also had proven statutory aggrievement. *Lewis* v. *Planning & Zoning Commission,* supra, 62 Conn. App. 296. Although the commission had argued in *Lewis* that *Cole* was distinguishable because the injury suffered by the plaintiff in *Cole* was instant and specific, this court found that argument unavailing. Id., 297. We explained: "First, the question of whether there has been an immediate impact pertains to the issue of whether a party has sufficiently established an injury, which constitutes an element of classical aggrievement, not statutory aggrievement. A statutorily aggrieved person need not have sustained any injury. See *Caltabiano* v. *Planning & Zoning Commission,* 211 Conn. 662, 671, 560 A.2d 975 (1989) (*Shea, J.,* dissenting). Second, even if the distinction identified by the [commission] had any bearing on the issue of statutory aggrievement, we reiterate the conclusion we reached . . . that the plaintiffs have shown an instant economic impact on their property independent of the filing of a subdivision application. [Nonetheless] [w]e read *Cole* to stand for the proposition that the plaintiffs, as owners of land within the affected zone, are statutorily aggrieved." *Lewis* v. *Planning & Zoning Commission,* supra, 297.

The defendant argues that if we agree with the plaintiffs' claim that they properly pleaded statutory aggrievement, we will "expand the scope of statutory aggrievement beyond the legislature's intent." It relies on *Stauton* v. *Planning & Zoning Commission,* supra, 271 Conn. 161, to support its argument.

In *Stauton,* the planning and zoning commission of the town of Madison had approved an amendment to the zoning regulations to allow the construction of a planned adult community on one specific piece of property. Id., 153–54. The plaintiffs, who owned property in the same zone but which was not within 100 feet of the specific piece of property that the amendment benefitted, appealed the adoption of the amendment to the Superior Court. Id., 155–56. The court determined that the plaintiffs were statutorily aggrieved, but it dismissed the appeal on its merits. Id., 156. On appeal, our Supreme Court held that the plaintiffs were not statutorily aggrieved and that the trial court should not have considered the merits of the appeal. Id., 157. Although the plaintiffs owned land that was within the same zone as a section of the property in question, they were not aggrieved under § 8-8 (a) (1) because their land was not within 100 feet of the land in question and it did not abut that land. Id., 160–61. Specifically relevant to our Supreme Court's decision was the fact that the amendment affected only one parcel of land within the zone. See id., 161. The court explained: "[W]hen a zoning decision directly affects only a single property within a zone, the phrase 'land involved in the decision of the board,' as used in § 8-8 (a) (1), does not include the entire zone in which the affected property is located." Id. The court further explained: "[T]he plaintiffs have provided no other authority for the proposition that a legislative action that affects only a single property should be treated in a manner different from an administrative action that affects a single property for purposes of establishing aggrievement, and we cannot perceive why that should be the case." Id., 165.

We conclude that *Stauton* readily is distinguishable from the present case. The amendment to the zoning regulations in *Stauton* was adopted specifically to permit the development of one particular piece of property.

Id., 153–54. As stated by our Supreme Court, it was more akin to an administrative action that affected a single property, and, in such cases, a plaintiff must either prove classical aggrievement or must own property that either abuts or is within 100 feet of the subject property to prove statutory aggrievement. See id., 165. The facts of the present case are distinguishable.

In the present case, after a full hearing on the merits of the plaintiffs' claims, the court dismissed the action because it found that the plaintiffs had insufficiently pleaded either classical or statutory aggrievement. In light of our Supreme Court's statements in *Timber Trails Corp.* and in *Ghent,* as well as this court's rulings in *Lewis* and in *Cole,* we conclude that the plaintiffs pleaded sufficient facts in their complaint to allege statutory aggrievement. See *Timber Trails Corp.* v. *Planning & Zoning Commission,* supra, 222 Conn. 376 n.3; *Ghent* v. *Zoning Commission,* supra, 220 Conn. 587; *Lewis* v. *Planning & Zoning Commission,* supra, 62 Conn. App. 297; *Cole* v. *Planning & Zoning Commission,* supra, 30 Conn. App. 514–15. The plaintiffs alleged that they owned property in the CR zone and that the defendant redefined buildable area solely in the CR zone. In accordance with the previously cited precedents, these allegations alone would be sufficient to establish statutory aggrievement. If we were to agree with the defendant, however, that some type of harm also is necessary, the plaintiffs in this case further alleged that their property was affected by the amendment and that the amendment amounted to a taking of their property. We conclude, therefore, that the plaintiffs sufficiently pleaded facts to allege statutory aggrievement. Accordingly, the court improperly dismissed their appeal on the ground that their pleading was insufficient to allege statutory aggrievement. This, however, does not end our analysis.

Because of the procedural posture of this case, we asked the parties during oral argument to opine on how we should proceed if we agreed with the plaintiffs that they properly had pleaded aggrievement. The plaintiffs stated that the case could be remanded for an entirely new hearing or we simply could remand it with direction to the trial court to consider the case on the existing record. The defendant stated that the plaintiffs already had their opportunity to prove aggrievement and should not be permitted to present additional evidence on that issue. We conclude that the matter should be remanded to the trial court with direction to consider the appeal, including the issue of proof of aggrievement, on the basis of the existing record. See *Fox* v. *Zoning Board of Appeals*, 84 Conn. App. 628, 638, 854 A.2d 806 (2004) ("[I]t is the plaintiff's burden to prove aggrievement. It is well established that a plaintiff is limited to only one opportunity to prove its claim." [Internal quotation marks omitted.]).

"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." (Internal quotation marks omitted.) *Wucik* v. *Planning & Zoning Commission*, supra, 113 Conn. App. 505. Although parties may stipulate to facts that would support a determination in favor of jurisdiction, they cannot directly agree to confer jurisdiction on the court. *Fox* v. *Zoning Board of Appeals*, supra, 84 Conn. App. 637. "One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action . . . . Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved." (Internal quotation marks omitted.) Id., 634–35. "[U]nless the plaintiff alleges and proves aggrievement, her case must be dismissed. . . . Only if the plaintiff has established aggrievement can the

court proceed to consider the merits of her claim." (Internal quotation marks omitted.) Id., 635.

In *Fox*, the trial court found, inter alia, that the plaintiff was statutorily aggrieved because she owned property that was within 100 feet of the property involved in the decision of the zoning board of appeals (board). Id., 635–36. On appeal, we concluded that the record did not support the court's finding. Id., 637. We explained that after thoroughly reviewing the entire record on appeal, there was no evidence submitted by the plaintiff to prove that she owned property within 100 feet of the property involved in the decision of the board. Id., 636. Although there was a map submitted to the trial court, it did not identify the plaintiff's property. Id. Furthermore, the stipulation by the defendants' counsel did not include facts that, standing alone, would support a finding of statutory aggrievement. Id., 636–37. In light of the plaintiff's failure to prove aggrievement, this court reversed the judgment of the trial court and remanded the case with instruction to dismiss the appeal. Id., 638.

In the present case, because the court decided that the plaintiffs had not pleaded facts sufficient to establish either statutory or classical aggrievement, it did not proceed to decide if the plaintiffs had proven aggrievement. After our review of the record, we note that there is evidence in the record that the court could consider in determining whether the plaintiffs proved statutory aggrievement by a fair preponderance of the evidence. We conclude, therefore, that it is necessary to remand the matter to the trial court. See *Moutinho* v. *Planning & Zoning Commission*, supra, 278 Conn. 665 ("[a]ggrievement presents a question of fact for the trial court" [internal quotation marks omitted]). If, on the basis of the entire record, the court determines that the plaintiffs have proven statutory aggrievement, then, the court should reach the merits of the plaintiffs'

appeal. If, however, the court determines that the plaintiffs have failed to prove statutory aggrievement, the court should dismiss the plaintiffs' appeal.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.[4]

In this opinion the other judges concurred.