STEVEN C. BOMBERO, JR., ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF MONROE ET AL.
(6160)

SPALLONE, STOUGHTON and NORCOTT, Js.

Argued October 20—decision released December 6, 1988

*Stephen W. Studer,* with whom, on the brief, were *Robert L. Berchem, Warren N. Chapman* and *Richard J. Buturla,* for the appellant (defendant Baker-Firestone, Inc.).

*Dennis J. Delaney,* for the appellant (named defendant).

*Bruce Levin,* with whom, on the brief, was *Serge G. Mihaly,* for the appellees (plaintiffs).

NORCOTT, J. The defendants, Baker-Firestone, Inc., and the planning and zoning commission of the town of Monroe[1] bring this appeal, upon certification by this court, from a decision of the trial court sustaining an appeal filed by the plaintiffs on October 23, 1985.[2] The plaintiffs had appealed a decision of the defendant commission approving a zone change and a special exception permit requested by the defendant Baker-Firestone.

On appeal to this court, the defendants contend that the trial court erred (1) in not dismissing the appeal

---

[1] Originally, the defendants petitioned separately for certification to appeal. This court granted both petitions, but later granted the commission's motion to consolidate its appeal with that of Baker-Firestone and permitted the commission to adopt Baker-Firestone's brief.

[2] The trial court dismissed the appeal of the plaintiffs David and Kathryn Richter and Anthony and Deborah Tadduni for failure to establish aggrievement under General Statutes § 8-8 (a). This dismissal is not part of this appeal which is defended only by the plaintiffs Steven and Christine Bombero.

or setting aside the judgment for lack of subject matter jurisdiction, and (2) in holding that the commission did not have jurisdiction to act on Baker-Firestone's requests. We find no error.

The defendants' first claim is that the plaintiffs' failure to name the Monroe town clerk in the citation, as required by General Statutes § 8-8 (b),[3] as interpreted in *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 533 A.2d 879 (1987), and *Simko* v. *Zoning Board of Appeals,* 206 Conn. 374, 538 A.2d 202 (1988) (en banc), constituted a defect that deprived the trial court of subject matter jurisdiction over the appeal.

In their citation, the plaintiffs named the Monroe planning and zoning commission as a party to the appeal and directed the sheriff to serve the chairman or clerk of that commission. The plaintiffs did not name the Monroe town clerk as a party or direct the sheriff to serve her. The return of service indicates, however, that the sheriff did, in fact, serve the town clerk. The commission moved to dismiss the appeal for lack of subject matter jurisdiction on February 5, 1987. When the merits of the appeal were decided on February 27, 1987, without a decision on this motion, Baker-Firestone filed a motion to set aside the judgment and dismiss the appeal for lack of subject matter jurisdiction. In a memorandum of decision of April 23, 1987, the trial court held that the actual notification of the clerk by the sheriff's service was sufficient for compliance with the requirements of § 8-8 (b).[4]

Our determination of this issue is controlled by the recent Supreme Court decision in *Capalbo* v. *Planning*

---

[3] General Statutes § 8-8 (b) provides in part: "Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board, and by serving a true and attested copy upon the clerk of the municipality."

[4] We note that the court's memorandum of decision preceded the decisions in *Simko*.

& *Zoning Board of Appeals,* 208 Conn. 480, 547 A.2d 528 (1988).[5] On facts indistinguishable from those in this case, the court in *Capalbo* determined that although a failure to name the town clerk as a party or for the purpose of directing service by the sheriff subjected the case to dismissal under the *Simko* decisions, the legislature, in enacting Public Acts 1988, No. 88-79,[6] validated such defective appeals. *Capalbo* v. *Planning & Zoning Board of Appeals,* supra, 489. This legislative validation applies here, and the appeal was therefore properly before the court.

The second issue raised in this appeal is whether the trial court erred in holding that the commission lacked jurisdiction to act on Baker-Firestone's requests because a copy of the proposed boundary change was not filed in the office of the town clerk as required by General Statutes § 8-3 (a).[7]

---

[5] The defendants request that we reexamine the holding of *Capalbo.* As we have stated previously, however, this court will not reexamine or reevaluate Supreme Court precedent. *State* v. *Thurman,* 10 Conn. App. 302, 309 n.5, 523 A.2d 891, cert. denied, 204 Conn. 805, 528 A.2d 1152 (1987); *O'Connor* v. *O'Connor,* 4 Conn App. 19, 20, 492 A.2d 207 (1985), rev'd, 201 Conn. 632, 519 A.2d 13 (1986).

[6] Public Acts 1988, No. 88-79 supplemented General Statutes § 8-8 by adding, inter alia: "Sec. 3. (a) Any appeal of a decision of a zoning commission, planning commission, planning and zoning commission or zoning board of appeals taken on or after October 1, 1985 and prior to December 1, 1987 in which a final judgment has not been entered prior to the effective date of this act, otherwise valid except that the party taking such appeal failed to name the clerk of the municipality as a party to the appeal in the appeal citation, is validated."

[7] General Statutes § 8-3 (a) provides in pertinent part: "Such zoning commission shall provide for the manner in which regulations under section 8-2 and the boundaries of zoning districts shall be respectively established or changed. No such regulation or boundary shall become effective or be established or changed until after a public hearing in relation thereto . . . at which parties in interest and citizens shall have an opportunity to be heard. Notice of the time and place of such hearing shall be published in the form of a legal advertisement appearing in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days . . . before such hearing, and *a copy of such proposed*

"Compliance with the statutory procedure [of § 8-3 (a) is] a prerequisite to any valid and effective change in zonal boundaries." *State ex rel. Capurso* v. *Flis,* 144 Conn. 473, 481, 133 A.2d 901 (1957), citing *Couch* v. *Zoning Commission,* 141 Conn. 349, 356, 106 A.2d 173 (1954), and *Hutchison* v. *Board of Zoning Appeals,* 138 Conn. 247, 250, 83 A.2d 201 (1951). In *Scovil* v. *Planning & Zoning Commission,* 155 Conn. 12, 14–15, 230 A.2d 31 (1967), the Supreme Court stated that if the evidence supported the trial court's conclusion that neither a copy of the proposed zone change nor a zoning map was filed in the town clerk's office prior to the public hearing, then "the defect was jurisdictional and the zoning regulations purportedly adopted were invalid."

The purpose of these procedural requirements of § 8-3 (a) is " 'fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing.' " *Kleinsmith* v. *Planning & Zoning Commission,* 157 Conn. 303, 310, 254 A.2d 486 (1968), quoting *Passero* v. *Zoning Commission,* 155 Conn. 511, 514, 235 A.2d 660, cert. denied, 390 U.S. 1004, 88 S. Ct. 1248, 20 L. Ed. 2d 104 (1967); *Lebanon Planning & Zoning Commission* v. *Gaal,* 9 Conn. App. 538, 544–45, 520 A.2d 246, cert. denied, 203 Conn. 803, 522 A.2d 294 (1987).

There is no dispute in this case that neither a map nor any other boundary designation was filed with the town clerk. The defendants contend, however, that (1) the property description in the published notice of the hearing, and (2) the statement in the notice that more detailed information was available in the plan-

*regulation or boundary shall be filed in the office of the town, city or borough clerk* . . . for public inspection at least ten days before such hearing, and may be published in full in such paper." (Emphasis added.)

ning and zoning office, were sufficient to allow the public to prepare adequately for the hearing.[8] This argument is without merit. The fact that the published notice gave an address and the approximate acreage involved and that maps were on file in another town office does not constitute compliance with the statute. The trial court was correct in holding that, because the requirements of § 8-3 (a) were not met by the proper filing in the office of the town clerk, the commission acted without jurisdiction and its approval of the zone change and the special permit exception was invalid.

Because we find that the trial court had jurisdiction in this matter and affirm that court's determination that the commission was without jurisdiction to act on Baker-Firestone's requests, we need not reach the plaintiffs' alternate ground for affirming the decision of the trial court.

There is no error.

In this opinion the other judges concurred.

---

[8] The pertinent portion of the published notice stated:
"ZONE CHANGE/SPECIAL EXCEPTION PERMIT

645 Main Street [CT.RTE.25]

Petition of Baker-Firestone, Inc., for a change of zone from DB-1 (Design Business Dist. 1), RC (Residential & Farming Dist. C) and RD (Residential and Farming Dist. D) to DR (Design Residence District) for property at 645 Main Street comprising 100 acres, more or less. Also, a special exception permit to construct 246 condominium residential dwelling units.

For more detailed information related to the application, reference should be made to the files of the Planning and Zoning Commission."