[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff, Frank Biafore, Jr., appeals from the decision of the defendant, the city council, city of Meriden (council), approving amendments to the Meriden zoning ordinance at §§ 213-7 and 213-36.A. In 1998, the plaintiff owned two tracts of land totaling 10.5 acres and located at 553 and 767 Finch Avenue in an area of Meriden zoned for residential use. The plaintiff applied to the Meriden planning commission to remove bank gravel from the two properties. The plaintiff subsequently CT Page 2152 withdrew the application with the intention of modifying and resubmitting it at a later date. On December 16, 1998, however, before the plaintiff could submit the new application, the council voted to amend §§ 213-7[1] and 213-36[2] of the Meriden zoning ordinance, which amendments prohibit substantial extraction and excavation operations in residential areas. A public hearing on the proposed amendments was held on December 16, 1998, at which hearing counsel for the plaintiff appeared and spoke in opposition to the amendments.
Now before the court is the plaintiffs appeal of the council's approval of the subject zoning amendments. As grounds for the appeal, the plaintiff alleges that the council failed to comply with the applicable statutes and regulations pertaining to legal notice of the public hearing. Specifically, the plaintiff alleges that the proposed amendments were not on file for public inspection at the office of the town clerk for the statutorily prescribed period preceding the December 16, 1998 public hearing. The plaintiff further alleges that the council failed to comply with § 213-61[3] of the Meriden city code, which requires city officials to file a petition with the city clerk in order to initiate a zone change or amendment.[4]
 I. JURISDICTION
General Statutes § 8-8 governs appeals taken from the decisions of a zoning commission to the superior court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.)Bridgeport Bowl-O-Rama v. Zoning Board, 195 Conn. 276, 283, 487 A.2d 559
(1985). "Such provisions are mandatory and, if not complied with, the appeal is subject to dismissal." (Internal quotation marks omitted.)Office of Consumer Counsel v. Dept. of Public Utility Control,234 Conn. 624, 640, 662 A.2d 1251 (1995).
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiffs appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). In the present appeal, the plaintiff alleges that he is statutorily aggrieved because he owns land within the zone to which the amendments pertain. At a hearing on the issue of aggrievement held before the court, Levine, J., on March 15, 2000, the plaintiff testified that he was the owner of property located at 553 and 767 Finch Avenue in Meriden and that the subject amendments to the zoning ordinance put him out of business. At that same hearing, in a dialogue with the court, the attorney for the defendant council stated to the court that "as far as the city is concerned, [the plaintiff has] established aggrievement." "Judicial admissions are voluntary and knowing concessions of fact by a CT Page 2153 party or a party's attorney occurring during judicial proceedings. . . . They excuse the other party from the necessity of presenting evidence on the fact admitted and are conclusive on the party making them. . . . To the extent that they dispense with evidence, they are similar to facts judicially noticed." (Internal quotation marks omitted.) Cole v. Planning Zoning Commission, 30 Conn. App. 511, 513-514, 620 A.2d 1324 (1993). The court finds that the plaintiff is statutorily aggrieved. The court has jurisdiction for this appeal.
 II. SCOPE OF REVIEW
The scope of review of a zoning commission's decision to amend its zoning regulations is well established. "[T]he commission, acting in a legislative capacity, [has] broad authority to adopt the amendments. . . . In such circumstances, it is not the function of the court to retry the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached. . . . Acting in such legislative capacity, the local board is free to amend its regulations whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for a change." (Citations omitted; internal quotation marks omitted.) Protect Hamden/North HavenFrom Excessive Traffic Pollution, Inc. v. Planning And ZoningCommission, 220 Conn. 527, 542, 600 A.2d 757 (1991). "The courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution." (Internal quotation marks omitted.) First Hartford RealtyCorp. v. Plan Zoning Commission, 165 Conn. 533, 540, 338 A.2d 490
(1973). "Courts, therefore, must not disturb the decision of a zoning commission unless the party aggrieved by that decision establishes that the commission acted arbitrarily or illegally." Id., 540-41.
 III. DISCUSSION
The plaintiff appeals from the council's approval of the amendments on two grounds. First, the plaintiff alleges that the notice of the December 16, 1998 public hearing on the amendments was deficient in that the proposed amendments were not on file for public inspection at the office of the city clerk for at least ten days preceding the hearing, as required by General Statutes § 8-3 (a).[5] The record, however, contains certified copies of the proposed amendments, which indicate that they were filed in the office of the city clerk on November 25, 1998, CT Page 2154 more than twenty days before the hearing date. "[T]he purpose behind the notice requirement of § 8-3 is fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing." (Internal quotation marks omitted.)Lauver v. Planning Zoning Commission, 60 Conn. App. 504, 510,760 A.2d 513 (2000). The record also contains an affidavit by Dominick Caruso, the director of planning and development for the city of Maiden, averring that he submitted the legal notice of the public hearing, together with copies of the proposed amendments, to the city clerk on November 25, 1998. The plaintiffs appeal cannot be sustained on the claim that the council failed to comply with General Statutes § 8-3 (a).
The plaintiff also appeals from the council's decision on the ground that the council failed to comply with § 213-61 of the Meriden zoning regulations. The plaintiff argues that the proposed amendment, delivered to the city clerk on November 25, 1998, is not a proper petition for the purposes of § 213-61. Although the plaintiff acknowledges that there is nothing in the Meriden zoning regulation which specifically defines the word "petition" or indicates in what form the petition should be submitted, the plaintiff contends that the proposal fails as a "petition" for several reasons. First, he argues that a petition must be a request from someone, to someone, to do something. He claims that the document in question does not bear the name of anyone. It is unsigned and, therefore, anonymous. The plaintiff asserts that the regulation implicitly requires that the official's name and signature be on any petition. Second, the plaintiff argues that a proper petition must be addressed to someone. He asserts that the filed document is not addressed to the zoning commission in so many words. Finally, the plaintiff argues that the filed documents fail to set forth reasons why the change is being sought.
The defendant council responds that it complied fully with state and city regulations pertaining to zoning amendments. Specifically, the defendant asserts that the legal notice was authored by Stephen T. Zerio, the chairperson of the economic development, housing zoning committee of the Meriden city council. Therefore, a public official did promulgate the filed document. The defendant further points out that the legal notice itself is a request from someone, to someone, to do something in that it discloses that a public hearing will be held, that persons may appear and be heard, and that the proposed amendment seeks to "define and limit earth extraction and excavation, as well as providing for topsoil extraction." Finally, the defendant asserts that since there is no specified form for the petition, the filed documents qualify as a petition. CT Page 2155
The plaintiff cites neither case law nor relevant legal treatise to support his argument that the documents filed in the office of the city clerk on November 25, 1998, were inadequate for the purpose of initiating an amendment to the zoning ordinance. The plaintiff relies on Black's Law Dictionary's definition of "petition"[6] as support for his claim that the petition filed in the present case was deficient. Even the Black's Law Dictionary definition of "petition", however, is devoid of a specific requirement as to the form for a petition. It states only that the petition is to be formal and in writing. If the city council had felt that a particular format was essential for the petition to be valid, then, of course, the council could have made that a requirement. General Statutes § 8-3 (c) authorizes the local zoning commission to prescribe a form for the submission of a petition requesting a zoning change.[7] The council, however, did not prescribe a specific form except for the requirement of a filing in duplicate by a "proper official." Meriden City Code § 213-61. There is nothing in the ordinance requiring specific names on the petition form as to the addressee or petitioner. Where the regulation invokes a term in common usage without further defining it, the term is to be interpreted broadly when the purpose of the regulation is not thwarted thereby. See Olsen v. Planning and Zoning Commission,54 Conn. App. 440, 735 A.2d 869 (1999). The documents filed November 25, 1998, with the Meriden city clerk are sufficient to constitute a petition.
The plaintiff's assertion that the "petition", pursuant to § 213-61 of the Meriden city code, must be in a stylized format embodies the classic "form over substance" argument rejected by our appellate courts repeatedly in appeals from zoning decisions. Our Supreme Court has held that courts "must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search fortechnical infirmities in their actions. . . ." (Emphasis in original; internal quotation marks omitted.) Quarry Knoll II Corp. v. Planing Zoning Commission, 256 Conn. 674, 730-31, 780 A.2d 1 (2001). "This cautionary advice is especially apt whenever the Court is reviewing a decision of a local commission composed of lay persons." Samperi v.Inland Wetlands Agency, 226 Conn. 579, 596, 628 A.2d 1286 (1993). "In reviewing the actions of a land use commission, we must recognize that the commission is composed of laymen whose procedural expertise may not always comply with the multitudinous statutory mandates under which they operate." (Internal quotation marks omitted.) Quarry Knoll II Corp. v.Planning Zoning Commission, supra, 730.
To search for a technical flaw in the application process when a zoning commission initiates its own change to the zoning regulations is to lose sight of the purpose of the regulation establishing the procedure. That purpose is full and fair notice to the public as to the proposed change. CT Page 2156 By timely filing a copy of the proposed amendments in the office of the city clerk, the Meriden city council complied substantially and fully with § 213-61(B) of the local regulations as well as with § 8-3
of the General Statutes. The purpose of § 8-3 is "fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing." (Internal quotation marks omitted.) Lauver v. Planning Zoning Commission, supra, 60 Conn. App. 510
The plaintiffs appeal claiming that the petition to amend the zoning regulations was deficient cannot be sustained. The plaintiffs appeal is dismissed.
 ___________________ Winslow, J.