# FRANCES CASSIDY ET AL. *v.* ZONING COMMISSION OF THE TOWN OF WOODBURY ET AL.
## (AC 30105)

DiPentima, Gruendel and Peters, Js.

Argued April 15—officially released August 18, 2009

*Franklin G. Pilicy*, for the appellants (named plaintiff et al.).

*Duncan J. Forsyth*, for the appellee (named defendant).

*Gail E. McTaggart*, for the appellee (defendant Roman Catholic Church of St. Teresa, Inc.).

*Opinion*

PETERS, J. A municipal zoning commission has subject matter jurisdiction to hold a hearing to consider an application for a special permit only if it has published a timely prehearing notice that complies with General Statutes § 8-7d.[1] See General Statutes § 8-3c (b);[2] *Koepke* v. *Zoning Board of Appeals*, 223 Conn. 171, 174–75, 610 A.2d 1301 (1992). Although a prehearing notice need not predict the precise action to be taken by the commission, the notice must "fairly and sufficiently [apprise] those who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing,

---

[1] General Statutes § 8-7d (a) provides in relevant part: "Notice of the hearing shall be published in a newspaper having a general circulation in such municipality where the land that is the subject of the hearing is located . . . ."

[2] General Statutes § 8-3c (b) provides in relevant part: "The zoning commission . . . of any municipality shall hold a public hearing on an application or request for a special permit or special exception . . . . Such hearing shall be held in accordance with the provisions of section 8-7d. . . ."

if such action seems desirable." *Shrobar* v. *Jensen*, 158 Conn. 202, 207, 257 A.2d 806 (1969). The public notice in this case referred to only one of two special permits requested by the applicant and failed to identify the locations for which the unspecified permit was sought. The principal issue in this appeal is whether, as the trial court held, these shortcomings in the text of the published notice were cured by the commission's inclusion of a statement that the application was on file in the town planning office. Because we disagree with the court's conclusion, we reverse its judgment in favor of the applicant.

On December 4, 2006, the plaintiffs, Frances Cassidy and Diane Cassidy[3] filed an appeal in the Superior Court pursuant to General Statutes § 8-8[4] to challenge the decision of the defendant zoning commission of the town of Woodbury (commission) approving the application of the defendant The Roman Catholic Church of St. Teresa, Inc. (church), for a special permit to expand the church and to grant its concurrent request for a special exception for off-site parking. Without directly challenging the special permit for the expansion of the church,[5] the plaintiffs claimed that the commission's approval of the special exception for parking was

---

[3] Although Carol Cassidy was named as a plaintiff in the appeal to the trial court, she did not participate in that appeal and is not a party to this appeal. For convenience, we refer to Frances Cassidy and Diane Cassidy as the plaintiffs.

[4] At the time the appeal to the trial court commenced, General Statutes (Rev. to 2007) § 8-8 (b) provided in relevant part that "any person aggrieved by any decision of a [zoning commission] . . . may take an appeal to the superior court for the judicial district in which the municipality is located. . . ." Subsequently, § 8-8 (b) was amended to clarify that such decisions included those "to approve or deny . . . a special permit or special exception pursuant to section 8-3c . . . ." Public Acts 2007, No. 07-60, § 1 (effective October 1, 2007). The plaintiff's aggrievement is not at issue in this case. See General Statutes § 8-8 (a) (1).

[5] The commission granted the special permit for expansion of the church pursuant to § 6.5 of the Woodbury zoning regulations.

improper for two reasons. They maintained that the commission had no jurisdiction to address the church's request for the special exception because the public notice filed by the commission did not comply with the requirements of § 8-7d and that the commission's approval of the special exception was not authorized by § 7.4 of the Woodbury zoning regulations, which governs off-site parking. The court rejected both claims. The plaintiffs have appealed.

The underlying facts are undisputed. On April 13, 2006, the church filed an application with the commission for a special permit, pursuant to § 5.1 of the Woodbury zoning regulations, to expand its existing church building in Woodbury to accommodate a significant growth in the number of its parishioners. Pursuant to § 7.4[6] of the Woodbury zoning regulations, the proposed expansion plan required the church to provide adequate parking for the additional parishioners who would attend the contemplated larger religious ceremonies. Accordingly, the church concurrently sought a special exception to permit it to use additional off-site parking spaces.[7]

---

[6] Section 7.4 of the Woodbury zoning regulations provides in relevant part: "7.4.1 For any permitted use hereafter established, parking spaces and loading spaces shall be provided off the street for each use of land, buildings, and other structures in accordance with the standards in this Section. Required parking spaces shall be provided on the same parcel as the permitted use, unless otherwise permitted in accordance with Section 7.4.11. . . .

"7.4.7 . . . The number of spaces shall be . . . [for churches] 1 space for each 3 seats. . . .

"7.4.11.2. The [commission] may grant a Special Exception authorizing off-street parking on a separate lot to meet the minimum number of spaces requirement if the [commission] determines that:

"A. The spaces are to be located on an adjoining lot with a permanent easement for the specified number of spaces and a permanent easement for access, or

"B. The use for which the parking is required is located within reasonable distance of a municipal parking facility with sufficient capacity."

[7] The original "Overall Parking Plan" (drawing 20.02) attached to the special permit application stated that a total of 267 spaces were required for the church to expand from its current 220 to a projected 604 seats. The

In support of the church's expansion efforts and its concomitant need for more parking spaces, and to provide the proper basis for a public hearing, the commission sought to comply with § 8-7d by publishing a legal notice in the Republican-American newspaper on June 16 and 23, 2006. The notice informed the public that the commission had scheduled a public hearing on June 27, 2006, to consider "Application 06-ZC-6016 submitted by [the church] for an expansion of church in the Main Street Design District and Special Permit for property at 146 Main Street South. (Tax Assessor's Map 105/Lot 116). At this hearing interested persons may appear to be heard and written communication will be received. The application is on file in the Town Planning Office."

Several drawings were attached to the application filed in the town planning office. One drawing, denominated 20.01 and entitled "Site Plan," quoted the full text of § 7.4.11.2 of the Woodbury zoning regulations,[8] which governs eligibility for a special exception for alternate off-site parking and referenced a second document, drawing 20.02, "for parking breakdown." Drawing 20.02 also quoted the text of § 7.4.11.2 and, more importantly, identified each of the parking areas that the church proposed to use. The off-site parking lots shown in the overall parking plan included private and public parking areas that the church had had permission to use in the past.

The commission held several public hearings with respect to the church's proposed expansion. The plaintiffs attended these hearings and presented evidence to document their concerns about the church's plan.

church subsequently scaled down the expansion project, which reduced the projected capacity to 596 seats and the number of parking spaces required to 197. Of the 199 available spaces indicated on the revised parking plan, 86 were previously available to the church either on church owned land or on other private lots under existing special exceptions.

[8] See footnote 6.

Nonetheless, after extensive discussion of the relevant issues, including those relating to parking, on November 14, 2006, the commission approved both the special permit for expansion of the church and the special exception for off-site parking.

In their certified appeal from the judgment of the Superior Court,[9] the plaintiffs have renewed the two claims of law that they pursued at trial. They claim that the commission improperly granted the church's request for a special exception for parking because (1) the public notice filed by the commission did not comply with § 8-7d and the commission therefore had no jurisdiction to consider the merits of the church's request for a special exception for off-site parking and (2) the commission misapplied the Woodbury zoning regulations in granting the church's request. Because we are persuaded by the plaintiffs' jurisdictional claim and must reverse the judgment of the trial court for that reason,[10] we need not address their second claim.

The focal point of the plaintiffs' jurisdictional argument is their disagreement with the court's conclusion that the legal notice published by the commission complied with the requirements of § 8-7d because the notice advised readers that additional relevant information was available on file in the Woodbury planning office. The plaintiffs' appeal takes issue with this conclusion for two reasons. The plaintiffs maintain, first, that the application filed by the church failed to establish a factual basis for the church's request for a special exception for off-site parking. More fundamentally, the plaintiffs maintain that the public notice published by

[9] This court granted the plaintiffs' petition for certification to appeal pursuant to General Statutes §§ 8-8 and 8-9.

[10] The church does not contest the plaintiffs' assertion that, if they can establish a jurisdictional defect in the published notice, that defect was not waived by their participation in the hearings held by the commission. See *Koepke* v. *Zoning Board of Appeals*, supra, 223 Conn. 176–77.

the commission did not comply with § 8-7d as a matter of law because the notice did not refer to the church's off-site parking. We disagree with their first argument but, under the circumstances of this case, agree with the second.[11]

I

The plaintiffs' first claim asserts that the application filed by the church, by its own terms, did not support the commission's decision to grant the church a special exception for off-site parking. If that were true, it would necessarily follow that the commission would have had no jurisdiction to grant such a request. We are not persuaded of the premise posited by the plaintiffs.

According to the plaintiffs, the church should either have filed a separate application for this special exception or expressly should have noted this request in the text of the application that it did file. The plaintiffs buttress their argument by noting that the commission's motion to schedule a public hearing on the church's application did not refer to the church's request for a special exception for off-site parking.

The court declined to hold that an applicant for a parking special exception was required to file an application separate and apart from an application on file to expand its premises. The court observed that nothing within the Woodbury zoning regulations supported the plaintiffs' contention. Although the plaintiffs have renewed their claim on appeal, they have not filled the evidentiary gap that the court identified. We can find

---

[11] In their brief, the plaintiffs also allude to a claim that the published notice was defective because personal notice was not sent by certified mail to owners within 250 feet of all of the seven addresses where the off-site parking is proposed. They have made no showing that this claim was pursued in the trial court. Because they have not addressed the merits of this claim other than by stating this issue, we consider it to be inadequately briefed and decline to consider its merits. See *State* v. *Clark*, 255 Conn. 268, 281 n.30, 764 A.2d 1251 (2001).

no authority in General Statutes § 8-3c (b) or § 7.4.11.2 of the Woodbury zoning regulations that sustains their position.

We are equally unpersuaded by the plaintiffs' related argument that the application that the church filed did not sufficiently reference the special exception for off-site parking sought by the church. The plaintiffs have cited no authority, and we know of none, that categorically requires such information to be presented in the body of the application rather than in an attachment thereto. Although local zoning regulations may include such a requirement, the plaintiffs have not cited anything to that effect in the Woodbury zoning regulations.

## II

The plaintiffs' principal challenge to the court's adverse jurisdictional ruling renews their claim that the public notice published by the commission did not satisfy the requirements of § 8-7d. They maintain that the court's adverse ruling on this issue must be set aside because (1) the court employed an improper standard of review in its consideration of this argument of law and (2) the court improperly concluded that the published notice passed statutory muster because it advised the public that the church's application "is on file in the Town Planning Office." We agree with the plaintiffs' first argument in part and with their second argument in its entirety.

We agree with the plaintiffs that, in the absence of a dispute about the underlying facts, they are entitled to plenary review of their challenge to the legal sufficiency of the prehearing notice. See *Koepke* v. *Zoning Board of Appeals*, supra, 223 Conn. 174–75. We recognize that, in its discussion of the plaintiffs' claim, the court initially misspoke by referring to the substantial evidence standard of review as governing the court's

analysis of both of the plaintiffs' claims. In its subsequent discussion of the merits of the plaintiffs' argument on the notice issue, however, the court undertook a plenary examination of the relevant principle of law rather than defer to the commission's action. Examining this record as a whole, we are persuaded that the court properly undertook a plenary review of the plaintiffs' claim on the issue of statutory notice.

We turn then to an examination of the plaintiffs' substantive disagreement with the court's ruling that the notice filed by the commission complied with § 8-7d. They maintain that the notice was insufficient as a matter of law because, on its face, it described only the church's special permit application to expand the church without referencing in any way the church's concurrent request for a special exception for additional off-site parking. According to the plaintiffs, the failure to provide notice of the request for additional parking is particularly telling because the notice did not identify six of the seven sites that the church hoped to use to meet its expanded parking needs.

The church cannot and does not dispute that the published notice, on its face, did not contain the information whose omission the plaintiffs decry. Similarly, the church cannot and does not dispute that, under the applicable Woodbury zoning regulations,[12] it could not prevail in its special request for expansion of its premises without obtaining a special exception for expansion of its off-site parking. On appeal before both this court and the trial court, the church has relied on the equally indisputable fact that the notice expressly alerted its readers that "the application is on file in the Town Planning Office." Because, as the court observed, this cross-reference advised members of the public "where they can find more information regarding the plan," the

---

[12] See footnote 6.

church maintains that the court properly concluded that the notice was sufficient as a matter of law.

Our case law on the role of notice incorporated by reference in land use disputes is inconsistent. The church relies on *Shrobar* v. *Jensen,* supra, 158 Conn. 202, in which our Supreme Court rejected the plaintiffs' allegation that the zoning board had no jurisdiction to consider the defendants' application for a variance even though the public notice, on its face, referred to a requested permit to improve and to reconstruct a gasoline station while the applicants in fact proposed to replace the existing structure with a new and larger facility. Id., 207. The court held that "notice of a hearing is not required to contain an accurate forecast of the precise action sought which will be taken on the subject matter referred to in the notice. . . . Anyone interested in the precise action sought could have consulted a plot plan showing all the details of the proposed changes which the defendants had filed . . . in the office of the zoning board." (Citations omitted.) Id., 207–208. This court followed *Shrobar* in *R. B. Kent & Son, Inc.* v. *Planning Commission,* 21 Conn. App. 370, 378, 573 A.2d 760 (1990).

The plaintiffs, however, cite *Peters* v. *Environmental Protection Board,* 25 Conn. App. 164, 593 A.2d 975 (1991), in which this court rejected the argument that a published notice required by General Statutes § 22a-42a (c)[13] was sufficient if it informed the public about the existence and the file number of a land use application that a member of the public could have inspected at city hall. The applicant in that case sought a permit to remove material in a wetland to facilitate the construction of a nursing home. The pertinent part of the

[13] Although *Peters* v. *Environmental Protection Board,* supra, 25 Conn. App. 168, concerned the notice provisions of § 22a-42a (c), this court noted therein that the notice provisions in General Statutes §§ 8-3 and 22a-42a (c) were similar and that the same standards applied to both statutes.

published notice stated: "The Stamford Environmental Protection Board . . . will hold a public hearing to consider information relevant to Application # 8843. Transcon Builders, Inc." (Internal quotation marks omitted.) *Peters* v. *Environmental Protection Board,* supra, 167. Without citing either *Shrobar* or *R. B. Kent & Son, Inc.,* this court held in *Peters* that "[t]he statute does not call for cumulative notice, nor does it ask that the general public employ the skills of a research librarian to determine where the subject property is located. The act of giving statutory notice is much too important to be done by way of informal, unofficial or chancy cross-referencing." Id., 169. Again without citing either *Shrobar* or *R. B. Kent & Son, Inc.,* this court followed *Peters* in *Lauver* v. *Planning & Zoning Commission,* 60 Conn. App. 504, 508–10, 760 A.2d 513 (2000), in which we held that a geographical identification of an excavation site in a permit application on file did not validate a public notice that misstated the location of the site. This court rejected the argument that the notice was sufficient "because the public knew about the application and could have gone to the commission's office to look at the map of the subject property." Id., 511.

A recent case by our Supreme Court expressly endorses this court's reluctance to permit maps on file to cure deficiencies in statutorily required public notices. The issue in *Bridgeport* v. *Plan & Zoning Commission,* 277 Conn. 268, 890 A.2d 540 (2006), was whether an applicant for a zone change had complied with General Statutes § 8-3 (a), which requires that a copy "of such proposed . . . boundary shall be filed in the office of the town . . . clerk . . . for public inspection at least ten days before [the hearing on the proposed zone change] . . . ." The notice stated in relevant part: "*Park Avenue/Easton Turnpike* Application of the [defendant] to amend the Zoning Map and Zoning

Districts by the establishment of a AAA Zone on land presently zoned R-3 and R-2. This property is approximately 320 acres in size and is known as Fairchild Wheeler Golf Course and is shown as parcel [no.] 1 on Tax Assessor's Map [no.] 24 and parcel [no.] 2 on the Tax Assessor['s] Map [no.] 11." (Internal quotation marks omitted.) *Bridgeport* v. *Plan & Zoning Commission,* supra, 271. Without citing *Shrobar,* but quoting at length from *Lauver,* the court held the notice to be insufficient because its mere reference to a map on file in a place other than that designated in the statute "does not constitute adequate notice of the boundaries of a property affected by a proposed zone change." Id., 279.

*Bridgeport* is arguably distinguishable from the case before us because it addresses the notice required for a proposed zone change under § 8-3 (a) rather than the prehearing notice requirements of § 8-7d (a). At the very least, however, the holding in *Bridgeport* suggests that our Supreme Court no longer assigns dispositive significance to access to official records as a supplement to the information provided by the text of published notices. Indeed, courts in other states have exhibited the same reluctance. See, e.g., *Bedford Residents Group* v. *Bedford,* 130 N.H. 632, 636–37, 547 A.2d 225 (1988); *Golden Gate Corp.* v. *Narragansett,* 116 R.I. 552, 556–57, 359 A.2d 321 (1976), citing *Federal Building & Development Corp.* v. *Jamestown,* 112 R.I. 478, 486, 312 A.2d 586 (1973).

In *Bridgeport,* the court determined that the notice the defendant was required to file at the town clerk's office was insufficient because it incorporated by reference maps on file in the tax assessor's office, thereby requiring interested parties to look beyond the contents of the notice to determine the boundaries of the proposed zoning change. Although *Bridgeport* did not consider whether the prehearing notice published pursuant to § 8-7d (a) was sufficient, it stands for the general

proposition that notice will be insufficient if it requires members of the public to conduct additional research simply to determine whether they will be affected by proposed zoning actions. In both *Bridgeport* and the present case, individuals with an interest in proposed zoning actions would not have received sufficient notice that their interests were affected without taking an additional step that the court has characterized as improperly requiring the general public to "employ the skills of a research librarian . . . by way of informal, unofficial or chancy cross-referencing." (Internal quotation marks omitted.) *Bridgeport* v. *Plan & Zoning Commission*, supra, 277 Conn. 278.

*Bridgeport* may, however, be reconciled with *Shrobar* by limiting *Shrobar*'s holding to cases in which the information provided in the public notice, while incomplete, can reasonably be held to have informed the reader about the major contours of the project at issue. In *Shrobar*, the published notice informed the public that the application contemplated the improvement and reconstruction of a gasoline station at a designated site, while the document on file sought authorization to replace and to enlarge the existing structure *at the same site*. Thus, in *Shrobar*, the published notice sufficiently informed the public of the site of the changes so that anyone with an interest in that location would have been prompted to check the application to gauge the scope and character of the proposed changes. In the present case, by contrast, the published notice addressed only the plans for enlarging the church without referencing the church's request for access to additional parking at sites *other* than that occupied by the church building. Unlike the neighboring landowners in *Shrobar*, those potentially impacted by the church's proposed off-site parking in the present case were not

prompted by the published notice to examine the filed application to determine which interests were at stake in the public hearing. Indeed, the notice omitted all of the off-site locations for which the church was seeking the parking special exception.

Because an important function of the notice requirement is to alert those who may be affected by a proposed change in land use; see, e.g., *Roncari Industries, Inc.* v. *Planning & Zoning Commission*, 281 Conn. 66, 73–74, 912 A.2d 1008 (2007); *Bridgeport* v. *Plan & Zoning Commission*, supra, 277 Conn. 276; we agree with the plaintiffs that, in this case, the absence of published notice of the proposed locations of the additional off-site parking contemplated by the church made the notice published by the commission insufficient as a matter of law. Like our Supreme Court in *Bridgeport*, we are persuaded that such serious deficiencies in a public notice cannot be cured by a reference to a map on file in a public office that potentially affected parties must consult to determine whether they are indeed affected.

It follows from our conclusion that the notice filed by the commission failed to comply with § 8-7d, and the commission, therefore, lacked jurisdiction to address the merits of the church's requests to expand its building and to increase its use of off-site parking. Accordingly, we need not address the plaintiffs' further argument that the commission misapplied the Woodbury zoning regulations in granting the church the permits that it sought.

The judgment is reversed and the case is remanded to the trial court with direction to sustain the plaintiffs' appeal.

In this opinion the other judges concurred.